UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALASTAIR KENNEDY, individually and on behalf
of all others similarly situated,

                       Plaintiff,

-against-

ACTION REMEDIATION, INC., MEADOW
MANAGEMENT & MAINTENANCE, INC.,
ACTION TRUCKING CO., INC., D/B/A ACTION
HAZMAT TRUCKING and RALPH PANTONY,

                       Defendants.
----------------------------------------------------------------X

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

JURY TRIAL DEMANDED

ALASTAIR KENNEDY, individually and on behalf of all others similarly situated, by his attorneys Certilman Balin Adler & Hyman, LLP, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff ALASTAIR KENNEDY (hereinafter the "Plaintiff") brings this action individually to recover unpaid prevailing wages and supplemental benefits he was entitled to receive in connection with labor he furnished to Defendants on publicly financed construction projects, including but not limited to those for the Town of Brookhaven (hereinafter the "Public Work Projects").

2. Plaintiff also brings this action on behalf of himself and similarly situated current and former laborers, workmen and mechanics who furnished labor to defendants ACTION REMEDIATION, INC., MEADOW MANAGEMENT & MAINTENANCE, INC., ACTION TRUCKING CO., INC., D/B/A ACTION HAZMAT TRUCKING and RALPH PANTONY (hereinafter collectively the "Defendants"), and who elect to opt-in to this action pursuant to the

FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically, its collective action provision, 29 U.S.C. § 216(b), for unpaid minimum wages and overtime wages.

3. Plaintiff also brings this action on behalf of himself and all similarly situated current and former laborers, workmen and mechanics who furnished labor to Defendants under the New York State Labor Law (hereinafter "NYLL"), Article 19 §§650, *et seq.*, NYLL Article 6 §190 *et seq.* and 12 New York Codes, Rules, and Regulations (hereinafter "NYCRR") §§142 and 146, for (i) unpaid minimum wages; (ii) unpaid overtime wages; (iii) unpaid spread of hours wages; (iv) liquidated damages for failure to pay all wages owed; (v) statutory damages for failure to furnish the required wage notice and acknowledgment; and (vi) statutory damages for failure to furnish accurate and correct wage statements.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

6. Plaintiff's state law claims are so closely related to his claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

7. This Court also has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

9. Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants resides in, and conduct business within, this District.

## PARTIES

**Plaintiff**

10. Plaintiff is an individual who resides in the State of New York, County of Suffolk.

11. Plaintiff worked for Defendants as a non-exempt employee, within the meaning of Section 3(e) of the FLSA, 29 US.C. §203(e), and NYLL §190(2), with the job title and duties of a mechanic/operating engineer, from approximately 2009 through approximately December 27, 2018.

**Defendants**

12. Upon information and belief, ACTION REMEDIATION, INC. (hereinafter "AR") is domestic business corporation, incorporated under the laws of the State of New York an authorized to do business in the State of New York.

13. Upon information and belief, AR operates its business from its headquarters located at 3010 Burns Ave., Wantagh, New York, 11793.

14. Upon information and belief, AR's annual gross volume of sales made or business done is not less than $500,000.

15. AR is a covered employer as defined by the FLSA and NYLL.

16. Upon information and belief, MEADOW MANAGEMENT & MAINTENANCE, INC. (hereinafter "MM&M") is domestic business corporation, incorporated under the laws of the State of New York an authorized to do business in the State of New York.

17. Upon information and belief, MM&M operates its business from its headquarters located at 3010 Burns Ave., Wantagh, New York, 11793.

18. Upon information and belief, MM&M's annual gross volume of sales made or business done is not less than $500,000.

19. MM&M is a covered employer as defined by the FLSA and NYLL.

20. Upon information and belief, ACTION TRUCKING CO., INC., D/B/A ACTION HAZMAT TRUCKING (hereinafter "AHT") is domestic business corporation, incorporated under the laws of the State of New York an authorized to do business in the State of New York.

21. Upon information and belief, AHT operates its business from its headquarters located at 3010 Burns Ave., Wantagh, New York, 11793.

22. Upon information and belief, AHT's annual gross volume of sales made or business done is not less than $500,000.

23. AHT is a covered employer as defined by the FLSA and NYLL.

24. Upon information and belief, RALPH PANTONY (hereinafter "Pantony") is an individual who resides in the State of New York, County of Suffolk.

25. Upon information and belief, Pantony is an owner, principle shareholder and Chief Executive Officer of each of the corporate defendants, AR, MM&M and AHT.

26. Upon information and belief, Pantony has the power to hire and fire employees at AR, MM&M and AHT.

27. Upon information and belief, Pantony supervises and controls employee work schedules or conditions of employment for employees at AR, MM&M and AHT.

28. Upon information and belief, Pantony determines the rate and method of payment for the compensation of employees at AR, MM&M and AHT.

6774424.1

29. Upon information and belief, Pantony maintains employment records for employees at AR, MM&M and AHT.

30. Upon information and belief, Pantony has complete control of the alleged activities of AR, MM&M and AHT, which gives rise to the claims brought herein, and is an individual employer as defined by the FLSA, NYLL and all supporting regulations.

31. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32. Defendants depend on laborers, workmen and mechanics employed at each of its locations to complete the necessary projects.

33. Defendants jointly employed Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL.

34. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated employees.

35. Defendants have had substantial control over the working conditions of Plaintiff and similarly situated workers, and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

36. Defendants controlled Plaintiff's and similarly situated employees' terms and conditions of employment by determining their compensation, supervising and controlling employees' work schedule and conditions of employment and maintaining the employment records for employees.

## STATEMENT OF FACTS

37. Plaintiff was an hourly paid employee and performed non-exempt duties for the Defendants, including, but not limited to, operating equipment, setting-up equipment, repairing and servicing equipment, off-loading trucks and other manual mechanic type duties.

38. Plaintiff did not have any supervisory authority over any other employee of Defendants.

39. Plaintiff and similarly situated persons regularly worked between approximately 50 and 90 hours per week for Defendants' benefit.

40. Although Plaintiff and similarly situated persons worked in excess of 40 hours each week, Plaintiff's wage statements and, upon information and belief, the wage statements of similarly situated persons, never reflected payment for more than 40 hours.

41. As such Plaintiff and similarly situated persons were not paid the minimum wage for all hours worked and were not paid overtime for all of the hours worked over 40 in a workweek.

42. For example, during the pay period covering October 9, 2017 through October 15, 2017, Defendants paid Plaintiff $1,312 for 32 hours of work, much less than what Plaintiff was entitled to receive for the approximately 50 hours or more that he actually worked.

43. Plaintiff estimates that he, and similarly situated persons, worked more than 50 hours every week that he was employed; Plaintiff regularly worked five (5) days per week, Monday through Friday, from 5:30 a.m. to 5:30 p.m. or later for a total of least 11 hours per day and over 50 per week each workweek; In addition, Plaintiff typically worked an sixth (6th) day on the weekend for another 5 to 8 hours transferring equipment to and from locations.

6774424.1

44. Plaintiff and similarly situated persons were not paid overtime for their hours above 40 during the weeks described above.

45. Plaintiff and similarly situated persons worked these hours pursuant to Defendants' policy or practice of encouraging him and other laborers, workmen and mechanics to work full-time schedules, including overtime.

46. Plaintiff and similarly situated persons regularly worked more than 10 hours in a single day; however, Defendants failed to pay Plaintiff and similarly situated employees spread-of-hours compensations for each day in which their spread of hours exceeded 10 hours.

47. Defendants failed to provide Plaintiff and similarly situated persons written notice upon hire in their native language setting forth the regular rate of pay, overtime rate of pay and other information required by 12 NYCRR §146-2.2.

48. Defendants failed to provide Plaintiff and similarly situated persons with an accurate statement with every payment of wages setting forth the correct number of regular hours worked as required by 12 NYCRR §146-2.3.

49. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the NYLL, 12 NYCRR §146-2.4.

50. Plaintiff and similarly situated employees are covered employees within the meaning of the FLSA and the NYLL.

51. Plaintiff has filed a written consent to join this action.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff brings the first and second Causes of Action, FLSA minimum wage and overtime claims, on behalf of himself and all similarly situated persons who work or have

worked as laborers, workmen and/or mechanics for Defendants between March 1, 2016, and the date of final judgment, who did not receive the minimum wage for all hours worked and/or overtime for all hours worked over 40 in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (hereinafter the "FLSA Collective").

53. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by AR, MM&M, AHT and Pantony, and/or AR, MM&M, AHT and Pantony have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

54. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

(a) Willfully failing to pay Plaintiff and the FLSA Collective the applicable minimum wage for all hours worked;

(b) Willfully failing to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of 40 hours per workweek; and

(c) Willfully failing to record all of the time that Plaintiff and the FLSA Collective have worked for the benefit of Defendants.

55. Defendants are aware or should have been aware that federal and state law required it to pay Plaintiff and the FLSA Collective the appropriate minimum wage for all hours worked, and to pay an overtime premium for hours worked in excess of 40 per workweek.

56. Defendants' conduct has been widespread, repeated, and consistent.

57. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the FLSA Collective.

58. Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid by Defendants in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

59. Plaintiff brings the third, fourth, fifth, sixth and seventh Causes of Action, on behalf of himself and a class of persons who work or have worked as laborers, workmen and mechanics for Defendants between March 1, 2013 and the date of final judgment, who did not receive the minimum wage for all hours worked and/or overtime for all hours worked over 40 in a workweek (the "New York Class").

60. The persons in the New York Class are so numerous that joinder of all members is impracticable.

61. Although the precise number of such persons is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

62. Upon information and belief, the New York Class consists of more than 40 members.

63. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

6774424.1

64. Common questions of law and fact exist as to the New York Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

(a) Whether Defendants failed to pay Plaintiff and the New York Class the appropriate minimum wage for all hours they worked for its benefit;

(b) Whether Defendants failed to pay Plaintiff and the New York Class overtime for hours worked over 40 in a workweek;

(c) Whether Defendant failed to pay Plaintiff and the New York Class spread-of-hours compensation when they worked more than 10 hours in a single workday;

(d) Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the New York Class;

(e) Whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the New York Class;

(f) Whether Defendants failed to provide Plaintiff and the New York Class with a wage notice upon hire, as required by law;

(g) Whether Defendants failed to furnish Plaintiff and the New York Class with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(h) The nature and extent of class-wide injury and the measure of damages for those injuries.

65. Plaintiff's claims are typical of the claims of the New York Class he seeks to represent. Plaintiff and the New York Class work or have worked for Defendants as laborers, workmen and mechanics and have not been compensated for all the hours they worked. Plaintiff

and the New York Class have all sustained similar types of damages as a result of Defendants' failure to comply with the New York State Labor Law.

66. Plaintiff will fairly and adequately represent and protect the interests of the New York Class.

67. Plaintiff has retained counsel competent and experience in class actions, wage and hour litigation and employment litigation.

68. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Class certification is superior because it will avoid duplicative litigation that might result in inconsistent judgments against Defendants' practices.

69. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies and procedures.

70. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect relations. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide the New York Class who are named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## INDIVIDUAL FACTS

71. Upon information and belief, Defendant entered into a contract or contracts with the Town of Brookhaven, to perform and/or manage work to be performed at the Public Works Projects (the "Public Work Contract(s)").

72. Upon information and belief, the Public Work Contract(s) called for the removal of methane sulfatreat at the Public Work Projects. The Public Work Contract(s) called for

6774424.1

Defendants to furnish the necessary labor, material and/or equipment to perform work in accordance with the terms of the Public Work Contract(s).

73. Upon information and belief, the Public Work Contract(s) further required Defendants to oversee performance of the work, and to ensure that workers employed at the project site were paid prevailing wage and supplemental benefits.

74. Upon information and belief, a schedule of prevailing rates of wages and supplements to be paid to all workers furnishing labor on the site of the Public Works Projects was annexed to and formed a part of the Public Works Contract(s).

75. Plaintiff performed various types of construction-related work, including but not limited to physical removal of methane sulfatreat, mechanical work on the trucks and equipment and operation of the trucks in the dump on site at the Public Works Project.

76. Defendants failed to pay, and to ensure, that Plaintiff was paid the prevailing rates of wages and supplements to which Plaintiff was entitled.

77. Defendants also failed to pay the Plaintiff at a rate of time and one-half of his regular rate of pay when he performed work in excess of 40 hours in a seven-day workweek.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

78. Plaintiff repeats and realleges paragraphs 1 through 77 hereof, as if fully set forth herein.

79. Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

80. Defendants have engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

81. At all times relevant, Plaintiff and the FLSA Collective were engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

82. At all times relevant, Plaintiff and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

83. At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

84. Defendants were required to pay Plaintiff and the FLSA Collective the applicable minimum wage for all work performed from March 1, 2016, to the present.

85. Defendants failed to accurately record all hours worked by Plaintiff and the FLSA Collective.

86. Defendants failed to compensate Plaintiff and the FLSA Collective at least the applicable minimum wage rate for all hours worked.

87. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

88. Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

89. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Overtime
**(Brought on behalf of Plaintiff and the FLSA Collective)**

90. Plaintiff repeats and realleges paragraphs 1 through 89 hereof, as if fully set forth herein.

91. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

92. Defendants have failed to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of 40 hours in a workweek.

93. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

94. Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

95. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

6774424.1

### THIRD CAUSE OF ACTION
### NYLL – Unpaid Minimum Wages
### (Brought on behalf of Plaintiff and the New York Class)

96. Plaintiff repeats and realleges paragraphs 1 through 95 hereof, as if fully set forth herein.

97. Defendants were required to pay Plaintiff and the New York Class the applicable minimum wage for all work performed from March 1, 2013, to the present.

98. Defendants failed to accurately record all hours worked by Plaintiff and the New York Class.

99. Defendants failed to compensate Plaintiff and the New York Class at least the applicable minimum wage for all hours worked.

100. Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff and the New York Class.

101. As a result of Defendants' violations of the NYLL, Plaintiff and the New York Class have suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

### FOURTH CAUSE OF ACTION
### NYLL – Unpaid Overtime
### (Brought on behalf of Plaintiff and the New York Class)

102. Plaintiff repeats and realleges paragraphs 1 through 101 hereof, as if fully set forth herein.

6774424.1

103. The overtime provisions set forth in the NYLL and the supporting regulations apply to Defendants and protect Plaintiff and the New York Class.

104. Defendants have failed to pay Plaintiff and the New York Class overtime for hours that they worked in excess of 40 hours in a workweek.

105. Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff and the New York Class.

106. As a result of Defendants' unlawful acts, Plaintiff and the New York Class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the NYLL.

### FIFTH CAUSE OF ACTION
### NYLL – Spread-of-Hours
### (Brought on behalf of Plaintiff and the New York Class)

107. Plaintiff repeats and realleges paragraphs 1 through 106 hereof, as if fully set forth herein.

108. Defendants willfully failed to pay Plaintiff and the New York Class on additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of the NYLL.

109. As a result of Defendants' unlawful acts, Plaintiff and the New York Class have been deprived of spread-of-hours compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the NYLL.

6774424.1

### SIXTH CAUSE OF ACTION
### NYLL – Wage Notice
### (Brought on behalf of Plaintiff and the New York Class)

110. Plaintiff repeats and realleges paragraphs 1 through 109 hereof, as if fully set forth herein.

111. Defendants failed to provide Plaintiff and the New York Class written notice upon hire of their rate of pay and other information required by the NYLL and 12 NYCRR 146-2.2.

112. As a result of Defendants' unlawful acts, Plaintiff and the New York Class are entitled to recover statutory damages from Defendants in amounts to be determined at trial.

### SEVENTH CAUSE OF ACTION
### NYLL – Wage Notice
### (Brought on behalf of Plaintiff and the New York Class)

113. Plaintiff repeats and realleges paragraphs 1 through 112 hereof, as if fully set forth herein.

114. Defendants failed to furnish Plaintiff and the New York Class with an accurate statement with every payment of wages accurately setting forth the number of regular hours worked, overtime hours worked and spread-of-hours pay as required by the NYLL and 12 NYCRR §146-2.3.

115. As a result of Defendants' unlawful acts, Plaintiff and the New York Class are entitled to recover statutory damages from Defendants in amounts to be determined at trial.

### EIGHTH CAUSE OF ACTION
### Breach of Contract
### (Brought on behalf of Plaintiff)

116. Plaintiff repeats and realleges paragraphs 1 through 115 hereof, as if fully set forth herein.

117. Upon information and belief, the Public Works Contract(s) entered into by Defendants set forth the prevailing rates of wages and supplemental benefits to be paid to the Plaintiff.

118. Upon information and belief, those prevailing rates of wages and supplemental benefits were made part of the Public Works Contract(s) for the benefit of the Plaintiff.

119. Defendants breached the Public Works Contract(s) by failing to ensure that the Plaintiff received the prevailing rates of wages and supplemental benefits for all labor performed upon the Public Works Projects.

120. Upon information and belief, by reason of Defendants' breach of the Public Works Contract(s), Plaintiff has been damaged in an amount to be determined at trial, but believed to in excess of $250,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

    (a) That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over 40 in a workweek;

    (b) Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, *et seq.*, and the supporting United States Department of Labor regulations;

    (c) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    (d) Designation of Plaintiff as a Class Representative and counsel of record as Class Counsel;

6774424.1

...

(e) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and New York State Labor Law;

(f) An injunction requiring Defendants to pay all statutory required wages pursuant to the FLSA and New York State Labor Law;

(g) Unpaid minimum wages, overtime wages, spread-of-hours compensation and liquidated damages under the New York State Labor Law;

(h) Statutory damages for Defendants failure to comply with the New York State Labor Law's wage notice and wage statement requirements;

(i) Unpaid prevailing wages and supplemental benefits owed to Plaintiff and liquidated damages in an amount to be determined a trial;

(j) Pre- and post-judgment interest;

(k) Attorneys' fees and costs of this action;

(l) A reasonable incentive award for the lead Plaintiff to compensate him for the time he spent attempting to recover wages for Class Members and for the risks he took in doing so; and

(m) Such other relief as this Court shall deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: East Meadow, New York
March 1, 2019

CERTILMAN BALIN ADLER & HYMAN, LLP
By: *[signature]*
Desiree M. Gargano, Esq.
Douglas E. Rowe, Esq.
*Attorneys for Plaintiff*
90 Merrick Avenue, 9th Floor
East Meadow, New York, 11554
(516) 296-7000
dgargano@certilmanbalin.com
drowe@certilmanbalin.com

## CONSENT FORM

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against defendants ACTION REMEDIATION, INC., MEADOW MANAGEMENT & MAINTENANCE, INC., ACTION TRUCKING CO., INC., D/B/A ACTION HAZMAT TRUCKING and RALPH PANTONY to recover unpaid minimum wages and overtimes wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decision on behalf of all other plaintiffs concerning this action. I hereby authorize Certilman Balin Adler & Hyman, LLP to represent me in this case.

_____     March 1 2019
ALASTAIR KENNEDY                     Date

6797830.1